LEHMAN v. UNITED STATES INDUSTRIAL ALCOHOL CO. (Circuit Court, S. D. New York. March 26, 1909.) On Motion for Production of Books. Leventritt, Cook & Nathan, for plaintiff. Alexander & Green, for defendant.

NOYES, Circuit Judge. In case the defendant forthwith file a formal stipulation stating that it was, on and prior to April 1, 1908, the owner of the entire capital stock of the Alcohol Utilities Company, this motion, in so far as it relates to that subject, will be denied. In case the defendant does not forthwith file such stipulation, an order may be entered directing it to produce before trial, and at such time as may be fixed in the order, and place in the custody of the clerk of this court for inspection by the plaintiff or her attorney under the direction of the clerk, its books or records showing its ownership of shares of said Alcohol Utilities Company. And in case the defendant forthwith files a similar stipulation, stating that said Alcohol Utilities Company was organized and has been conducted as a department of its business, this motion, in so far as it relates to that subject, will be denied. In case the defendant does not forthwith file such stipulation, an order similar to that already stated may be entered directing the defendant to produce the following books: (1) Its books of account, showing any payments by way of stock subscriptions to said Alcohol Utilities Company; (2) its books of account, showing any indebtedness of said Alcohol Utilities Company assumed or paid since the organization of that company; (3) its books of account, showing all moneys collected or received for the account of the Alcohol Utilities Company; (4) its books, showing all receipts by way of dividends from the Alcohol Utilities Company; (5) its books of records, showing the names of all its employés. In all other respects the motion for the production of books is denied.

---

NEW JERSEY PATENT CO. et al. v. WALKER. (Circuit Court, E. D. Pennsylvania. May 17, 1909.) No. 255. Second Motion for Preliminary Injunction. For opinion on first motion, see 169 Fed. 146. Charles N. Butler, for complainants. Duke Walker, pro se.

McPHERSON, District Judge. As it seems to me, the new affidavits offered by the complainants do not satisfactorily establish the charge that the defendant has bought or threatens to buy phonographs or records from any licensed dealer, and the situation presented upon this second motion for a preliminary injunction is therefore the same as when the original motion was denied. The preliminary injunction now asked for is refused.